# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEO LOGWOOD, | ) | CASE NO. 1:10-cv-01557 LJO GSA PC |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) ) | WITHIN THIRTY DAYS |
| K. LEMAY, et al., | ) | (ECF No. 1) |
| Defendants. | ) ) ) | AMENDED COMPLAINT DUE IN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

### A. Summary of Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Solano State Prison, brings this civil rights action against correctional officials employed by the CDCR at Corcoran State Prison, where the events at issue occurred. Plaintiff names as defendants the following individuals: Licensed Vocational Nurse (LVN) K. Lemay; Dr. Kocsis-Diaz, M.D.; Dr. Schuster, M.D.; Correctional Officer (C/O) M. Vidaurri; Sergeant John Doe. Plaintiff sets forth a claim of inadequate medical care.

### B. Medical Care

At the time of his arrival at Corcoran, Plaintiff suffered from injuries resulting from prior gunshot wounds, and used crutches and a leg brace. While at Corcoran, Plaintiff was prescribed twice daily doses of morphine for pain. (Compl. ¶ 30.) On September 27, 2007, Plaintiff was scheduled for a battery of tests to determine the source of pain in his right leg and foot. (Compl. ¶ 44.) That morning, Plaintiff appeared at the medication window for his morning doses of morphine. Nurse Lemay refused to provide the medication on the ground that "she did not know what kind of tests plaintiff was scheduled to take." (Compl. ¶¶ 46, 51.) Nurse Lemay concluded that issuing Plaintiff pain medication, without consulting with a physician, was "contraindicative to plaintiff's upcoming tests." (Compl. ¶ 52.) Later that day, Plaintiff was transported to an outside medical facility to undergo the scheduled tests. The tests could not be performed because Plaintiff

1  was in too much pain. (Compl. ¶¶ 55, 56.)   Plaintiff filed an inmate grievance regarding Nurse
2  Lemay's refusal to issue Plaintiff his pain medication on September 27, 2007.
3      Plaintiff alleges that on October 20, 2007, Nurse Lemay filed false information in Plaintiff's
4  medical record in reprisal for filing a grievance.  On the same day, C/O Vidaurri filed false
5  information on a CDC form 128-B, general chrono, "in conjunction with Nurse Lemay." (Compl.
6  ¶¶ 57, 58.)  Pursuant to that information, on October 22, 2007, Dr. Kocsis-Diaz revoked Plaintiff's
7  lower bunk status, lifted his light duty restriction and had his crutches taken away. (Compl. ¶ 59.)
8      As a consequence of having to climb up to a top bunk, an old wound opened.  Plaintiff
9  jumped down from the top bunk, aggravating his old gunshot wound.  Plaintiff immediately notified
10 medical staff of this condition. (Compl. ¶ 62.)   Plaintiff alleges that after two months, he was seen
11 by Dr. Schuster.  During this time, his stomach "continued to ooze green pus and to bleed." (Compl.
12 ¶¶ 65, 66.)  Dr. Schuster examined Plaintiff, advised him that he had an abscess, and that he would
13 not see him again for four months. (Compl. ¶ 67.)
14     On December 23, 2007, Plaintiff met with Chief Medical Officer Luca regarding an inmate
15 grievance filed by Plaintiff regarding his low bunk chrono.  Dr. Luca  reissued the lower bunk
16 chrono, authorized a cane for Plaintiff, and prescribed pain medication. (Compl. ¶ 71.)  Plaintiff
17 alleges that he never received the medication prescribed by Dr. Luca. On January 28, 2008, Plaintiff
18 was transferred to Pleasant Valley State Prison, where he was prescribed twice daily doses of
19 morphine. (Compl. ¶ 73.)
20     Plaintiff alleges that upon his arrival at PVSP, he was "seen almost immediately" by a doctor.
21  This same doctor performed surgery on Plaintiff's abscess and removed a suture that had been left
22 in Plaintiff's abdomen from a previous surgery. (Compl. ¶ 75.)
23      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
24 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
25 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part
26 test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by
27 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
28 the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

3

1  deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059
2  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
3  Cir. 1997) (en banc) (internal quotations omitted)).

4       As to Plaintiff's allegation that Nurse Lemay was deliberately indifferent to his serious
5  medical need when she denied him his pain medication on September 27, 2007, Plaintiff has not
6  alleged facts which suggest she withheld the medication with the intent to cause harm to Plaintiff.
7  Plaintiff's own allegations indicate that Defenant Lemay, a nurse, acted out of caution, knowing that
8  Plaintiff was scheduled for tests that day.  Plaintiff does not allege that she was advised by a
9  phsyician to issue the medication on that day.  Further, Plaintiff does not allege that she denied him
10 his medication on any other occasion.  The facts alleged indicate that Nurse Lemay acted with regard
11 to Plaintiff's health, and not in a manner intended to cause harm to Plaintiff.

12      Regarding Plaintiff's allegation that Nurse Lemay and C/O Vidaurri entered false information
13 into Plaintiff's records, the Court finds these allegations to be vague.  Plaintiff does not specify what
14 that information is, or how it was intended to harm Plaintiff.   Presumably, Dr. Kocsis-Diaz had
15 access to Plaintiff's full medical history when she made her decision.  Plaintiff only alleges that Dr.
16 Kocis-Diaz, "consequent to the false information filed by defendants Lemay and Vidaurri," revoked
17 Plaintiff's low-bunk status.  That Dr. Kocsis-Diaz revoked Plaintiff's low bunk status does not, of
18 itself, subject her to liability.  Plaintiff must allege facts indicating that Dr. Kocsis-Diaz was aware
19 of a specific harm to Plaintiff, and acted with disregard to that harm.  Plaintiff's conclusory
20 allegation that she acted in response to unspecified information supplied by Defendants Lemay and
21 Vidaurri fail to state a claim for relief.

22      Regarding the delay in treating Plaintiff's abscess, the only conduct charged to Dr. Schuster
23 is that, on some unspecified date,  he examined Plaintiff, advised him that he had an abscess, and
24 that he should be seen in four months.  Plaintiff does not specify when he was seen.  Plaintiff does
25 not allege any facts indicating that Dr. Schuster refused to see or treat Plaintiff.  Plaintiff's
26 allegations, construed liberally and in his favor, allege, at most, medical negligence.  Mere
27 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
28 Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-

06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). [1]

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended

---

[1] Plaintiff also levels allegations as to medical staff in general. In order to hold an individual liable under section 1983, Plaintiff must charge that individual with specific conduct that constitutes deliberate indifference, as that term is defined above.

5

complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 6, 2012**                             **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE